JOSEPH P. BUSCH III, SBN 70340
jbusch@apjuris.com
CHRISTOPHER L. PITET, SBN 196861
cpitet@apjuris.com
JOHN M. ALPAY, SBN 198127
jalpay@apjuris.com
**ADKISSON PITET LLP**
100 Bayview Circle, Suite 210
Newport Beach, California 92660
Telephone: (949) 502-7755
Facsimile: (949) 502-7762

ERIC D. RIDLEY, SBN 273702
ridley.eric@gmail.com
**LAW OFFICE OF ERIC RIDLEY**
567 W. Channel Islands Blvd., Suite 210
Port Hueneme, CA 93041
Telephone: (805) 244-5291
Facsimile: (888) 953-3884

Attorneys for Plaintiff
GOATPIX LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOATPIX LLC, a Nevada limited liability company,<br><br>                Plaintiff,<br><br>      v.<br><br>THE UPPER DECK COMPANY, a Nevada corporation authorized to do business in California; and DOES 1 through 10, inclusive,<br><br>                Defendants. | CASE NO.: 3:21-cv-01815-TWR-JLB<br><br>**OPPOSITION OF PLAINTIFF GOATPIX LLC TO DEFENDANT THE UPPER DECK COMPANY'S MOTION TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT**<br><br>**Judge:** Honorable Todd W. Robinson<br><br>**Magistrate:** Honorable Jill L. Burkhardt<br><br>**Complaint Filed: October 25, 2021** |

ADKISSON
PITET LLP

**TABLE OF CONTENTS**

I.    INTRODUCTION.................................................. 1

II.   SUMMARY OF PERTINENT FACTS ALLEGED IN THE FAC................ 2

      A.    Goatpix Acquires Ownership of the Copyright in
            mj_1002............................................... 2

      B.    Goatpix Registers the Work With the United States
            Copyright Office...................................... 3

      C.    Goatpix Demands that UDC Cease and Desist From
            Infringing on Its Copyrights in the Work.............. 3

      D.    Goatpix Files Suit for Copyright Infringement
            After UDC Refuses to Agree to Cease Its Infringing
            Activities............................................ 4

III.  ARGUMENT..................................................... 4

      A.    The Standards on a Motion to Dismiss and a Motion
            to Strike............................................. 4

      B.    Goatpix's Prayers for Attorneys' Fees and
            Statutory Damages Are Proper Because the FAC Alleges
            Post Copyright Registration Infringement............. 6

      C.    Goatpix's Prayers for Attorneys' Fees and
            Statutory Damages Are Proper Even Though the FAC
            Alleges Acts of Infringement Prior to Copyright
            Registration......................................... 8

IV.   CONCLUSION.................................................. 13

1

**TABLE OF AUTHORITIES**

2

**CASES**

3

Bell Atlantic Corp. v. Twombly,

4
   550 U.S. 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929
   (2007) ........................................................ 8

5

Brighton Collectibles, Inc. v. Coldwater Creek, Inc.,

6
   2009 WL 10671323 (S.D. Cal. 2009) ........................... 15

7

Crytek GmbH v. Cloud Imperium Games Corp.,

8
   2018 WL 4854652 (C.D. Cal. 2018) ........................ 13, 14

9

Derek Andrew, Inc. v. Poof Apparel Corp.,

   528 F.3d 696 (9th Cir. 2008)....................... 11, 12, 13

10

In re Nvidia Corp. Secur. Litig.,

11
   768 F.3d 1046 (9th Cir. 2014) ................................ 8

12

Johnson v. Napa Valley Wine Train, Inc.,

13
   2016 WL 493229 (N.D. Cal. 2016) ............................. 8

14

Newcal Indus., Inc. v. Ikon Office Solution,

15
   513 F.3d 1038 (9th Cir. 2008) ............................... 7

16

Petrie v. Elec. Game Card, Inc., 7

   61 F.3d 959 (9th Cir. 2014).................................. 8

17

Derek Andrew, Inc. v. Poof Apparel Corp.,

18
   528 F.3d 696 (9th Cir. 2008)............................. 12, 13

19

Whittlestone, Inc. v. Handi-Craft Co.,

20
   618 F.3d 970 (9th Cir. 2010) ................................ 8

21

**STATUTES**

22
17 U.S.C. § 101............................................... 5

23
17 U.S.C. § 106............................................... 6

17 U.S.C. § 412.............................................. 13

24
17 U.S.C. § 504............................................... 9

25
17 U.S.C. § 505............................................... 9

Fed. R. Civ. Proc. 10(c)...................................... 8

26
Fed. R. Civ. Proc. 12(b)(6)................................... 8

27
Fed. R. Civ. Proc. 12(f)...................................... 8

28

## I.    INTRODUCTION

Defendant The Upper Deck Company ("UDC") does not dispute that Plaintiff Goatpix, LLC ("Goatpix") has adequately stated a valid claim for copyright infringement.  Rather, by its motion, UDC seeks to strike (or dismiss) Goatpix's prayers for attorneys' fees and statutory damages.  The motion has no merit.  Goatpix's First Amended Complaint ("FAC") alleges both pre- and post-copyright registration acts of infringement.  Therefore, the FAC properly prays for attorneys' fees and statutory damages.  In fact, Goatpix would be derelict in its pleading obligations if it did not seek such remedies.

UDC's argument seems to be that because Goatpix alleges acts of infringement that occurred prior to copyright registration (or is vague as to same), it cannot recover attorneys' fees or statutory damages.  But that is not the law.  While it is true that attorneys' fees and statutory damages are not recoverable for pre-registration acts of infringement, they unquestionably are recoverable for independent acts of infringement occurring after registration.  Because the FAC alleges post-registration acts of infringement, there can be no question that Goatpix's prayers for attorneys' fees and statutory damages are proper.

There is no close call for the Court to make here.  The law is clear that attorneys' fees and statutory damages are available for acts of infringement occurring after copyright registration.  The FAC alleges post-registration acts of infringement, and therefore its prayer for attorneys' fees and statutory damages is indisputably proper at this stage of the litigation.  The fact that the FAC also alleges acts of infringement occurring prior to

registration – which it does[1] – has no bearing on whether Goatpix's prayer for attorneys' fees and statutory damages in its prayer for relief is proper.  Therefore, UDC's motion should, and Goatpix respectfully submits must, be denied in its entirety.

## II.   SUMMARY OF PERTINENT FACTS ALLEGED IN THE FAC

### A.   Goatpix Acquires Ownership of the Copyright in mj_1002

mj_1002 is an image of Michael Jordan flying through the air while in the process of dunking a basketball at the 1988 All Star NBA Slam Dunk Contest (the "Work").  (FAC ¶¶ 13, 14.)  Bill Smith ("Smith"), who at the time was the team photographer for the Chicago Bulls basketball team, "created"[2] the Work after taking the photograph of this spectacular moment in sports history.  (FAC ¶¶ 7-11.)

In July 2005, Smith entered into an agreement with the Chicago Bulls confirming his ownership of all copyrights in the Work.  (FAC ¶¶ 9-10; Exh. A to FAC, at ¶ 3(b).)  The agreement between Smith and the Chicago Bulls also confirmed Smith's "rights to use and permit others to use the [Work] in any fashion, including selling images . . . ."  (FAC ¶¶ 9-10; Exh. A to FAC, at ¶ 3(d).

In March 2021, Smith entered into an agreement with Dwight Manley, Inc. ("DWI") pursuant to which DWI acquired all of Smith's

---

[1] UDC claims that Goatpix has engaged in "gamesmanship" by omitting allegations of pre-registration infringement.  This is simply false.  As the FAC itself shows, Goatpix alleges pre-registration infringement (and will be seeking substantial damages for same).  For the purposes of UDC's motion, however, the crucial point is that the existence of pre-registration acts of infringement does not foreclose a plaintiff's ability to recover attorneys' fees and statutory damages for acts of infringement that occurred after registration.

[2] "A work is 'created' when it is fixed in a copy or phonorecord for the first time; . . . ."  17 U.S.C. § 101.

copyrights in the Work.  (FAC ¶ 11; Exh. B to FAC, at ¶ 1.1.)   DWI subsequently assigned the copyrights in the Work to Plaintiff Goatpix on June 14, 2021.  (FAC ¶ 12; Exh. C to FAC, at ¶ 1.)  As a result, Goatpix is the current owner of the copyrights in the Work.

**B.    Goatpix Registers the Work With the United States Copyright Office**

On or about June 11, 2021, Goatpix filed a copyright claim for the Work with the United States Copyright Office ("USCO").  (FAC ¶ 15; Exh. E to FAC.)  The USCO issued a "Certificate of Registration" for the work on July 2, 2021, with an effective date of June 11, 2021.  (FAC, Exh. E.)

**C.    Goatpix Demands that UDC Cease and Desist From Infringing on Its Copyrights in the Work**

As the copyright owner, Goatpix has and had the exclusive rights to:  (1) reproduce the Work; (2) prepare "derivative works" based upon the Work; and (3) distribute copies of the Work.  17 U.S.C. § 106.

After acquiring the copyrights in the Work, counsel for Goatpix began communicating with UDC regarding UDC's sales of the Work.  (FAC ¶¶ 25-26; Exh. G.)  Out of an abundance of caution, Goatpix's counsel started by asking whether UDC possibly had a license for the Work.  (FAC, Exh. G, at 65[3].)  On July 22, 2021, after UDC failed to provide any evidence that it had a license, Goatpix sent a letter to UDC asking the company to cease and desist from selling the Work.  (FAC, Exh. G, at 68-78.)  In his letter,

---

[3]  The pin cites refer to the docket page number located at the top of each page of the exhibit.

1    Goatpix's counsel expressed his understanding that UDC had been

2    infringing on the Work for "many years."  (FAC, Exh. G., at 68.)

3           D.    **Goatpix Files Suit for Copyright Infringement After**

4                 **UDC Refuses to Agree to Cease Its Infringing**

5                 **Activities**

6           Goatpix filed this lawsuit on October 25, 2021, after UDC

7    refused to agree to stop infringing on Goatpix's copyrights in the

8    Work.  (Dkt. No. 1.)  Goatpix filed its FAC on December 9, 2021.

9    (Dkt. No. 12.)

10          The FAC asserts a single claim for copyright infringement

11   under 17 U.S.C. § 501.  (FAC, at 7.)  The claim alleges, among

12   other things, that "Defendants have willfully and deliberately

13   infringed on Goatpix's copyrights in the [Work] by copying and

14   distributing same."  (FAC, at 7.)  As examples of the infringement,

15   the FAC attached August 4, 2021 (i.e., post copyright registration)

16   screenshots from UDC's website showing listings for sales of the

17   Work.  (FAC ¶ 23; Exh. F to FAC.)

18          The FAC seeks, in addition to other remedies, attorneys' fees

19   and statutory damages "**to the extent permitted by law**."  (FAC, at 9

20   (Prayer for Damages items 6 and 7) (emphasis added).)

21   **III.  ARGUMENT**

22          A.    **The Standards on a Motion to Dismiss and a Motion to**

23                **Strike**

24          When ruling on a Rule 12(b)(6) motion to dismiss, the court

25   must accept as true all facts alleged in the complaint and draw all

26   reasonable inferences in favor of the plaintiff.  See, e.g., Newcal

27   Indus., Inc. v. Ikon Office Solution, 513 F.3d 1038, 1043 n.2 (9th

28   Cir. 2008).  The only question raised by a motion to dismiss for

ADKISSON
PITET LLP

4

failure to state a claim upon which relief may be granted is whether the facts pleaded, if established, support a plausible claim for relief.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).  Thus, no matter how improbable the facts alleged are, they must be accepted as true for purposes of the motion.  Id.

For purposes of a Rule 12(b)(6) motion, documents attached to a complaint may be considered as part of the complaint.  Fed. R. Civ. Proc. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); Petrie v. Elec. Game Card, Inc., 761 F.3d 959, 964 (9th Cir. 2014).  Therefore, documents attached to the complaint and incorporated therein by reference are treated as part of the complaint when ruling on a Rule 12(b)(6) motion.  In re Nvidia Corp. Secur. Litig., 768 F.3d 1046, 1051 (9th Cir. 2014).

A Rule 12(f) motion to strike may be used to strike any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  Fed. R. Civ. Proc. 12(f).  In the Ninth Circuit, a Rule 12(f) motion to strike is not an appropriate vehicle to attack damage prayers or theories.  Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973-74 (9th Cir. 2010).[4]

---

[4] UDC recognizes the Whittlestone holding but nonetheless moves in the alternative to strike Goatpix's damage prayers because "[s]ome courts continue to entertain Rule 12(f) motions to strike aimed at legally unavailable damage theories . . . ." (Mot., at 5 n.3 (citing Johnson v. Napa Valley Wine Train, Inc., 2016 WL 493229 (N.D. Cal. 2016)).  Whether viewed as a motion to dismiss or a motion to strike, the result is the same – the motion has no merit and should be denied.

**B.    Goatpix's Prayers for Attorneys' Fees and Statutory Damages Are Proper Because the FAC Alleges Post Copyright Registration Infringement**

A prevailing plaintiff in a copyright action may recover its reasonable attorneys' fees.  17 U.S.C. § 505 ("Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.")  A plaintiff that suffers damages as a result of copyright infringement may also recover its "actual damages and any additional profits of the infringer" or "statutory damages."  17 U.S.C. § 504(a)-(c) (providing for copyright infringement damages).

A plaintiff's ability to recover attorneys' fees and/or statutory damages, however, is not without limitation. Specifically, 17 U.S.C. § 412 states the following:

> In any action under this title, other than an action brought for a violation of the rights of the author under section 106A(a), an action for infringement of the copyright of a work that has been preregistered under section 408(f) before the commencement of the infringement and that has an effective date of registration not later than the earlier of 3 months after the first publication of the work or 1 month after the copyright owner has learned of the infringement, or an action instituted under section 411(c), <u>no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for</u>--

(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or

(2) <u>any infringement of copyright commenced after first publication of the work and **before** the effective date of its registration, unless such registration is made within three months after the first publication of the work.</u>[5]

17 U.S.C. § 412 (emphasis added).

In this case, Goatpix alleges copyright infringement that occurred <u>**after**</u> it registered its copyright in the Work.  (FAC ¶¶ 24-25.)  Specifically, Goatpix's registration of the Work became effective on June 11, 2021.  (FAC, Exh. E.)  Goatpix alleges that UDC engaged in acts of infringement on August 4, 2021.  (FAC ¶¶ 24-25.)  Thus, it was eminently appropriate – and indeed necessary – for Goatpix to pray for attorneys' fees and statutory damages "to the extent permitted by law."  For this reason alone, UDC's motion should be denied.

UDC argues, however, that Goatpix's prayers for fees and statutory damages should be dismissed because a "fair reading of the FAC makes clear [sic] alleged infringement predates copyright registration and first publication under section 412."  (Mot., at 10:18-21.)  Here, UDC simply misstates what is in the FAC.  As demonstrated above, the FAC alleges acts of infringement that post-date copyright registration.  (FAC ¶¶ 24-25.)  And while it is true that the FAC <u>also</u> alleges acts of infringement that occurred before registration, (<u>see</u> FAC, Exh. G, at 68), those allegations do not

[5]  There is no dispute that registration occurred more than three months after first publication of the Work.

bar the recovery of attorneys' fees and statutory damages as a matter of law.  Rather, as discussed below, the recoverability of fees and statutory damages depends on the nature and extent of pre- and post-registration infringement, which is factual question that cannot be resolved at the pleading stage.

> **C.**     **Goatpix's Prayers for Attorneys' Fees and Statutory Damages Are Proper Even Though the FAC Alleges Acts of Infringement Prior to Copyright Registration**

The principal question before the Court is whether Goatpix is barred from praying for attorneys' fees and statutory damages because it alleges acts of infringement that occurred before it registered its copyright.  The answer to that question is "no."  As discussed above, Goatpix's prayers for fees and statutory damages are proper because it alleges acts of infringement that occurred post-registration.  Whether Goatpix's allegation of pre-registration infringement has any impact on Goatpix's ability to recover fees and statutory damages is a factual question that simply cannot be resolved at the pleading stage.

Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696 (9th Cir. 2008) sets the precedent in the Ninth Circuit for the recoverability of fees and statutory damages when a plaintiff claims infringing conduct that occurs before and after copyright registration.  In that case, the infringement concerned the defendant's distribution of garments bearing an infringing hang-tag.  Id. at 699.  After a bench trial, the district court awarded attorney's fees and statutory damages because some of the infringing distributions occurred after the plaintiff registered his copyright.  Id. at 699.

On appeal, the defendant argued that the award of fees and statutory damages was improper because it had commenced the infringement before copyright registration and any post-registration acts of infringement – distribution of garments with the same infringing hang-tag – were just a "continuation" of the infringement.  Id. at 700, 702.

The Ninth Circuit agreed with the defendant and held that "the first act of infringement in a series of ongoing infringements of the **same kind** marks the commencement of one continuing infringement under § 412."  Id. at 701 (emphasis added).  The court went on to apply that holding to the facts of the case:

> Given our interpretation of § 412, we must now determine whether Poof's post-registration distributions were an ongoing continuation of its initial pre-registration infringement.  In this case, there is no legally significant difference between Poof's pre and post-registration infringement.  Poof first distributed garments bearing the infringing hang-tag on May 9, 2005, if not earlier, and continued to do so—albeit with the hang-tag attached to different garments—after the June 15, 2005, copyright registration.  Thus, Poof began its infringing activity before the effective registration date, and it repeated the same act after that date each time it used the same copyrighted material.
> The mere fact that the hang-tag was attached to new garments made and distributed after June 15 does not transform those distributions into many separate and distinct infringements.  See e.g. Mason, 967 F.2d at 144

1   (concluding that a plaintiff may not recover statutory

2   damages for infringements that commenced after

3   registration if the same defendant commenced an

4   infringement of the same work prior to registration); Ez-

5   Tixz, Inc. v. Hit-Tix, Inc., 919 F. Supp. 728, 736

6   (S.D.N.Y. 1996) (rejecting argument that each sale of an

7   infringing ticket was a separate act of infringement that

8   commenced after the copyright's registration date);

9   Parfums Givenchy, 832 F. Supp. at 1393-95 (rejecting

10   argument that, because the defendant had imported and

11   distributed the infringing product on several distinct

12   occasions, each act of importing the product constituted

13   a separate and distinct act of infringement); Johnson v.

14   Univ. of Va., 606 F. Supp. 321, 325 (W.D. Va. 1985)

15   (rejecting argument that each time a photograph was

16   copied, a separate copyright infringement was commenced).

17   Poof simply engaged in an ongoing series of infringements

18   that commenced with the first distribution in May 2005.

19   Poof Apparel, 528 F.3d at 701-02.  Finding that the defendant's

20   infringement was just one act of infringement that started prior to

21   registration, the Ninth Circuit concluded that the defendant was

22   barred from recovering fees or costs under Section 412.

23   Whether pre- and post-registration infringement is separate

24   and distinct (or the "same kind" as in Poof Apparel) such that fees

25   and statutory damages are recoverable is a factual question that

26   cannot be resolved at this stage of the litigation.  Crytek GmbH v.

27   Cloud Imperium Games Corp., 2018 WL 4854652 (C.D. Cal. 2018), is

28   also instructive.  In that case, as here, the defendant moved to

dismiss the plaintiff's prayers for attorneys' fees and statutory damages on its copyright claim.  Id. at *12.  The court found that it would be inappropriate to grant the motion at the pleading stage before allowing the plaintiff to take discovery on the nature and extent of the defendant's post-registration acts of infringement:

> Second, as Crytek argues in opposition, there may be discoverable post-registration independent acts of infringement not expressly alleged in the FAC.  The Court is not prepared to grant the MTD and preclude recovery of statutory damages as a matter of law **before the parties engage in discovery on the copyright infringement allegations this Court has already deemed sufficient under Rule 12(b)(6)**.  See Guillot-Vogt Assocs., Inc. v. Holly & Smith, 848 F. Supp. 682, 691 (E.D. La. 1994) (declining to grant defendant's Rule 12(b)(6) motion on statutory damages and attorney's fees where plaintiff argued that defendants committed independent acts of infringement after the copyright registration date, noting that the plaintiff's argument on premature dismissal "appears to be technically correct" and "all unresolved issues must be viewed in the light most favorable to the nonmovant").

Crytek, 2018 WL 4854652 at 13 (emphasis added).  Accordingly, the court denied the motion to dismiss.  Id. at 14 (noting that "the liberal pleading standards that govern in federal court require only sufficient notice to Defendants that they may be liable for damages flowing from their alleged copyright infringement); see also Brighton Collectibles, Inc. v. Coldwater Creek, Inc., 2009 WL

10671323 (S.D. Cal. 2009) (denying motion to dismiss claims for statutory damages and attorneys' fees where nature of pre-registration acts of infringement was not clear).

The allegations in the FAC make denial of UDC's motion to dismiss especially appropriate here.  Goatpix alleges that UDC engaged in various discrete types of infringement.  In particular, Goatpix alleges that UDC "downloaded, hosted and provided the infringing images and products on infringing websites operated in, or available to, residents of California."  (FAC ¶ 24.)  Goatpix also alleges that UDC "sold physical memorabilia using mj_1002, online and through their vast network of resellers."  (FAC ¶ 24.) In sum, Goatpix alleges that UDC committed various acts of copyright infringement that violated several exclusive copyrights held by Goatpix (copying, preparation of derivative works, distribution etc.)

As Judge Gee ruled in <u>Crytek</u>, it would be entirely inappropriate to rule at this stage of the litigation that Goatpix is not entitled to attorneys' fees and statutory damages as a matter of law.  Goatpix should be entitled to take discovery on the nature and extent of UDC's wide-ranging acts of pre- and post-registration acts of copyright infringement to determine whether the post-registration acts are merely a continuation of the pre-registration acts or, as Goatpix contends, "independent" acts of infringement that would support a claim for fees and statutory damages.  Until that discovery takes place, there is simply no way that such a determination can be made and any ruling on Goatpix's ability to recover fees and statutory damages would be premature. / / /

ADKISSON
PITET LLP

**IV.   CONCLUSION**

Goatpix alleges that UDC committed acts of copyright infringement following Goatpix's registration of the Work with the USCO.  Therefore, Goatpix properly preserved its right to recover attorneys' fees and statutory damages by praying for those remedies "to the extent permitted by law."  In fact, it would have been folly for Goatpix to omit these prayers in light of UDC's post-registration conduct.

Goatpix also alleges that UDC engaged in pre-registration acts of infringement.  Whether UDC's alleged pre-registration infringement has any impact on Goatpix's ability to recover attorneys' fees and costs is a question that will need to be addressed in this case.  But one thing is abundantly clear right now:  Goatpix's ability to recover attorneys' fees and costs cannot be resolved at the pleading stage.  Rather, it is a question that can only be addressed after discovery is taken concerning the nature and extent of UDC's alleged pre- and post-registration infringement.  Therefore, UDC's motion should, and Goatpix respectfully submits must, be denied.

Dated:  February 16, 2022        JOSEPH P. BUSCH III
                                 CHRISTOPHER L. PITET
                                 JOHN M. ALPAY
                                 CARL A. BERTHOLD, JR.
                                 **ADKISSON PITET LLP**

                                 ERIC D. RIDLEY
                                 **LAW OFFICE OF ERIC RIDLEY**


                                 By:___*/s/ Christopher L. Pitet*___
                                      Christopher L. Pitet

                                 Attorneys for Plaintiff
                                 GOATPIX LLC

**CERTIFICATE OF SERVICE**

I, Evelyn Gomez, am a citizen of the United States over the age of eighteen years, and not a party to the within action.  My business address is 100 Bayview Circle, Suite 210, Newport Beach, CA 92660.  On February 16, 2022, I served the within documents:

1. **OPPOSITION OF PLAINTIFF GOATPIX LLC TO DEFENDANT THE UPPER DECK COMPANY'S MOTION TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT**

☒  **BY CM/ECF NOTICE OF ELECTRONIC FILING** – by causing such document(s) listed above to be served through this Court's electronic transmission facilities via the Notice of Electronic Filing (NEF) and hyperlink, to the parties and/or counsel who are determined this date to be registered CM/ECF Users set forth in the service list obtained from this Court on the Electronic Mail Notice List.

☒  **(FEDERAL)**    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Executed on February 16, 2022, Newport Beach, CA.

By: */s/ Evelyn Gomez*

Evelyn Gomez

**SERVICE LIST**

| | |
|---|---|
| **NICHOLAS & TOMASEVIC, LLP** | Tel: (619) 325-0492 |
| Craig M. Nicholas (SBN 178444) | Fax: (619) 325-0496 |
| Shaun Markley (SBN 291785) | |
| Jake Schulte (SBN 293777) | Email: cnicholas@nicholaslaw.org |
| 225 Broadway, 19th Floor | Email: smarkley@nicholaslaw.org |
| San Diego, California 92101 | Email: jschulte@nicholaslaw.org |
| | Email: ECarrillo@nicholaslaw.org |
| | |
| | Attorneys for Defendant, THE UPPER DECK COMPANY |

ADKISSON
PITET LLP