UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOATPIX LLC, a Nevada limited liability company,<br><br>                              Plaintiff,<br><br>v.<br><br>THE UPPER DECK COMPANY, a Nevada corporation authorized to do business in California; and DOES 1 through 10, inclusive,<br><br>                              Defendants. | Case No.: 21-CV-1815 TWR (JLB)<br><br>**ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS, AND (2) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR STATUTORY DAMAGES AND ATTORNEYS' FEES**<br><br>(ECF No. 13) |

Presently before the Court is Defendant The Upper Deck Company's ("UDC") Motion to Dismiss or, in the alternative, Motion to Strike Portions of Plaintiff's First Amended Complaint ("FAC," ECF No. 12). ("Mot.," ECF No. 13). In addition, Plaintiff Goatpix LLC ("Goatpix") has filed an Opposition to ("Opp'n," ECF No. 18) and UDC a Reply in support of ("Reply," ECF No. 22) the Motion. The Court heard oral argument on May 19, 2022. Having carefully reviewed the parties' arguments, the First Amended Complaint, and the law, the Court **GRANTS** UDC's Motion and **DISMISSES WITHOUT PREJUDICE** Goatpix's request for statutory damages and attorneys' fees.

/ / /

1

# BACKGROUND

Goatpix initiated this action against UDC based on alleged copyright infringement of a photograph of Michael Jordan taken by the Chicago Bulls basketball team's photographer, Bill Smith, during the 1988 All Star NBA Slam Dunk Contest (hereinafter, the "Work"). The first publication of the Work occurred on March 8, 1998. (*See generally* FAC.)

On July 1, 2005, Smith entered into an agreement with the Chicago Bulls confirming his ownership of all copyrights in the Work. (*See id.* ¶¶ 9–10, Exh. A.) The agreement between Smith and the Chicago Bulls also confirmed Smith's "rights to use and permit others to use the [Work] in any fashion, including selling images . . . ." (*See id.*, Exh. A at 3(d).) On March 31, 2021, Smith entered into an agreement with Dwight Manley, Inc. ("DWI"), in which DWI acquired all of Smith's copyrights in the Work. (*See id.* ¶ 11, Exh. B at 1.1.) DWI subsequently assigned the copyrights in the Work to Goatpix on June 14, 2021. (*See id.* ¶ 12, Exh. C.) As a result, Goatpix is the current owner of the copyrights in the Work. (*See* Opp'n at 3.)

On or about June 11, 2021, Goatpix filed a copyright claim for the Work with the United States Copyright Office ("USCO"). (*See* FAC ¶ 15, Exh. E.) The USCO issued a "Certificate of Registration" for the Work on July 2, 2021, with an effective date of June 11, 2021. (*See id.*, Exh. E.)

On or about June 10, 2021, counsel for Goatpix began communicating with UDC regarding UDC's sale of the Work. (*See id.* ¶¶ 25–26, Exh. G.) After several email exchanges, Goatpix concluded that UDC did not have a license to use the Work, and, on July 22, 2021, Goatpix sent a letter to UDC asking the company to cease and desist from selling the Work. (*See id.*, Exh. G at 68–78.) In its letter, Goatpix expressed its understanding that UDC had been infringing on the Work for "many years." (*See id.*, Exh. G, at 68.) As examples of the infringement, the First Amended Complaint attached

///

///

screenshots taken from Defendant's website on August 4, 2021, selling Plaintiff's protected work.[1]  (*See id.* ¶ 25, Exh. F.)

In its First Amended Complaint, Goatpix asserts a single claim for copyright infringement under 17 U.S.C. § 501.  (*See* FAC ¶ 35–44.)  Goatpix alleges, among other things, that "Defendants have willfully and deliberately infringed on Goatpix's copyrights in the [Work] by copying and distributing [the Work]."  (*See* FAC ¶ 39.)  UDC does not dispute that Goatpix has adequately stated a valid claim for copyright infringement.  (*See generally* Mot.)  Rather, by its motion, UDC seeks to strike (or dismiss) Goatpix's demand for attorneys' fees and statutory damages on the grounds that both remedies are impermissible under copyright law.  (*See* Motion at 7.)  The principal question before the Court, therefore, is whether Goatpix is barred from seeking attorneys' fees and statutory damages.

## LEGAL STANDARD

### I.     Federal Rule of Civil Procedure 12(e)

Rule 12(e) provides that a party may move for a more definite statement but only when a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  A motion for a more definite statement pursuant to Rule 12(e) "attacks the unintelligibility of the complaint, not simply the mere lack of detail, and is only proper when a party is unable to determine how to frame a response to the issues raised."  *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005).  In consequence of the stringent standard, motions for a more definite statement are "disfavored and rarely granted."  *Griffin v. Cedar Fair*, L.P., 817 F. Supp. 2d 1152, 1156 (N.D. Cal. 2011).

/ / /

---

[1]    Goatpix concedes that some form of copyright infringement occurred prior to the Work's copyright registration.  (*See* Opp'n at 1.)  Goatpix's First Amended Complaint alleges both copyright infringement before and after the Work was registered.  (*See id.*; *see also generally* FAC.)

## II. Federal Rule of Civil Procedure 12(b)(6)[2]

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Id.* at 1242 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The Ninth Circuit applies Rule 12(b)(6) to address legally deficient claims for damages at a pleadings stage. *Whittlestone*, 618 F.3d at 974; *see also, e.g.*, *Powell v. Wells Fargo Home Mortg.*, No. 14-CV-04248-MEJ, 2017 WL 2720182, at *7 (N.D. Cal. June 23, 2017), *aff'd*, 855 F. App'x. 382 (9th Cir. 2021) ("The Court therefore construes [defendant's] Motion to Strike as a motion to dismiss . . . . Because the UCL only permits restitution or injunctive relief, the Court dismisses any claim for exemplary or punitive damages.")

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands

---

[2]   UDC includes Rule 12(f) as a potential legal standard for the instant motion but correctly points out that it is inapplicable here. Rule 12(f) of the Federal Rules of Civil Procedure states that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). *Whittlestone, Inc. v. Handi-Craft Co*, however, notes that Rule 12(f), when used to dismiss some or all of a pleading, creates a redundancy within the Federal Rules of Civil Procedure because Rule 12(b)(6) motions already serve that purpose. *See* 618 F.3d 970, 974 (9th Cir. 2010.) Therefore, the court in *Whittlestone* found that "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Id.* at 974-975. Instead, when a party wants to strike or dismiss portions of a pleading, Rule 12(b)(6) or Rule 56 provides the proper procedural mechanism. *See id.*; *see also Jones v. Cty. of San Diego*, No. 20CV1989-GPC(DEB), 2021 WL 4460788, at *7 (S.D. Cal. Sept. 29, 2021) ("Therefore, under *Whittlestone*, Defendant's motion to strike punitive damages as legally barred is improper under Rule 12(f), but the Court considers its argument under a Rule 12(b)(6) motion.").

more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing Twombly, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).  "A district court does not err in denying leave to amend where the amendment would be futile." *Id*. (citing *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990), cert. denied, 502 U.S. 921 (1991)).

## ANALYSIS

### I. Motion for a More Definitive Statement

As an initial matter, UDC argues that, because "Goatpix is being intentionally vague about the timing of the commencement of infringement in this iteration of its operative complaint, a more definite statement is warranted." (*See* Mot. at 10); *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010) ("[T]he preferable procedure when a specific date could support a dispositive defense motion is to require the plaintiff to provide a more

/ / /

definite statement under Fed. R. Civ. P. 12(e)."). Goatpix concedes that the alleged infringement occurred both before and after the Work's registration. (*See generally* FAC.)

Here, the key issue is not the exact date when the Work was used, but rather whether the Work was used before and after registration. As is relevant to this issue, Goatpix adequately alleges the timing of actual and possible infringements of the Work. (*See generally* FAC.) Accordingly, the First Amended Complaint is not so unintelligible that UDC cannot reasonably be required to respond, as evidenced by the fact that UDC has filed a responsive motion under Rule 12(b)(6). *See* Federal Rules of Procedure Rule 12(e). The Court therefore **DENIES** UDC's request for a more definite statement.

## II. Motion to Dismiss

UDC argues that Goatpix's failure to register the Work for decades after its creation, and UDC's infringement commencing prior to Goatpix's copyright registration, disqualify Goatpix from seeking attorneys' fees or statutory damages under the Copyright Act, 17 U.S.C. § 412 ("Section 412"). (*See* Mot. at 7; *see also Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 699 (9th Cir. 2008). Accordingly, UDC requests that the Court either dismiss or strike both requests for relief. (*See* Mot. at 7.)

### A. Copyright Law Restricts the Types of Damages Available Depending on the Timing of Copyright Registration

UDC alleges that Goatpix and its predecessors failed to register the Work until June 11, 2021, decades after initial publication in 1998, thereby forfeiting their ability to be awarded attorneys' fees and statutory damages. (*See* Mot. at 8.) While the First Amended Complaint alleges acts of infringement that occurred prior to registration, Plaintiff argues that those allegations do not bar the recovery of attorneys' fees and statutory damages as a matter of law, as independent and distinct acts of infringement occurred after the registration of the Work. (*See* Opp'n at 2.) The Court concludes that UDC is correct.

Federal copyright law "carefully circumscribe[s]" who can file a copyright lawsuit, as well as what remedies are available to a copyright owner pursing an infringement action.

*Silvers v. Sony Pictures Ent., Inc.*, 402 F.3d 881, 885 and 888 (9th Cir. 2005). Under the Copyright Act, an aggrieved party may generally obtain statutory damages and attorneys' fees and costs. *See* 17 U.S.C. §§ 504–505. Under Section 412, to recover statutory damages or attorneys' fees, "the copyrighted work must have been registered prior to commencement of the infringement, unless the registration is made within three months after first publication of the work." *See Derek Andrew*, 528 F.3d at 699 (citing 17 U.S.C. § 412(2)). The policy behind Section 412 is twofold: (1) Section 412 "provide[s] copyright owners with an incentive to register their copyrights promptly," and (2) Section 412 "encourages potential infringers to check the Copyright Office's database." *See Derek Andrew*, 528 F.3d at 700.

In the Ninth Circuit, "the first act of infringement in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under § 412." *See Derek Andrew*, 528 F.3d at 700 ("To allow statutory damages and attorneys' fees where an infringing act occurs before registration and then reoccurs thereafter clearly would defeat the dual incentives of § 412."). Consequently, if infringing conduct commences prior to the work's copyright registration date, to properly seek statutory damages and attorneys' fees for any infringing conduct after the work's registration, the conduct must be "separate and distinct" from the conduct that occurred prior to registration. *See id*. at 701

Here, it is undisputed that Goatpix's Work was not registered prior to UDC's first use of the Work and was not registered within three months after first publication of the Work. *See* 17 U.S.C. § 412(2). Goatpix does not contest that its correspondence with UDC alludes to potential infringement occurring prior to the Work's copyright registration date of June 11, 2021. (*See* FAC, Ex. G, ¶ 26.) Further, Goatpix's registration of the Work became effective on June 11, 2021, (*see id.*, Exh. E), while the initial publication of the Work was in 1998. (*See id*.) Thus, the registration of the Work was made more than three months after the first publication of the work. *See Derek Andrew*, 528 F.3d at 699. Thus, for Goatpix to properly seek attorneys' fees and statutory damages, it must adequately

1  allege that the post-registration infringement was separate and distinct from the
2  infringement that occurred prior to its registration. *See id.*

### B. Section 412 Arguments Are Ripe for Review at the Pleading Stage

Goatpix's only argument against dismissal is that the determination of whether post-registration infringement is separate and distinct from pre-registration infringement is a factual dispute not ripe for adjudication at the pleading stage. (*See* Opp'n at 2.) Goatpix relies on two cases to support this argument. (*See id.* at 8–12.) First, in *Crytek GmbH v. Cloud Imperium Games Corp.*, the defendant moved to dismiss the plaintiff's claims for attorneys' fees and statutory damages under Section 412, but the court denied the motion. *See* No. CV 17-9837-DMG (FFMx), 2018 WL 4854652, at *12 (C.D. Cal. Aug. 14, 2018). The court found that it would be inappropriate to grant the motion at the pleading stage because "there may be discoverable post-registration independent acts of infringement not expressly alleged in the FAC." *See id.* at *13. The court in *Crytek* reasoned that, even if it was "unlikely" for the Plaintiff to recover statutory damages based on the infringing conduct, it "[wa]s not prepared to grant the MTD and preclude recovery of statutory damages as a matter of law before the parties engage[d] in discovery on the copyright infringement allegations th[e c]ourt ha[d] already deemed sufficient under Rule 12(b)(6)." *Id.* at *13–14. Similarly, in *Brighton Collectibles, Inc. v. Coldwater Creek, Inc.*, No. 08-CV-02307-H (POR), 2009 WL10671323, at *5 (S.D. Cal. Feb. 25, 2009), the court denied a motion to dismiss claims for statutory damages and attorneys' fees in accordance with Section 412 because the complaint and the document referenced therein did not establish that "all or any of the allegedly infringing products . . . were produced prior to the effective registration date."

UDC argues that both cases cited by Goatpix are inapplicable. (*See* Reply at 7.) In *Brighton*, for example, the defendant argued that the plaintiff was not entitled to recover statutory damages or attorneys' fees because the copyright was registered was after the date of the first infringement. *See* 2009 WL 10671323, at *5. The court found that the "claim [could ]not be partially dismissed on a 12(b)(6) motion because the complaint and

documents referenced in the complaint d[id] not establish [the defendant]'s infringement commenced pre-registration." *Id*. Here, however, Goatpix concedes that infringement *did* occur prior to the Work's registration, thus triggering Section 412 and making *Brighton* inapposite. (*See* Opp'n at 9–10).

Further, Defendant correctly points out that *Crytek* relied on only one, non-binding Louisiana case, *Guillot-Vogt Associates, Inc. v. Holly & Smith*, 848 F. Supp. 682 (E.D. La. 1994), and used an impermissibly lenient pleading standard. *See Crytek*, 2018 WL 4854652, at *13–14. Specifically, *Crytek* reasoned that, although the plaintiff was unlikely to succeed on its claims, attorneys' fees and statutory damages could survive the pleadings challenge because "sufficient notice" was all that was required. *Id*. at *14. This misstates the current state of the law. The Ninth Circuit in *Whittlestone* found that Rule 12(b)(6) is the proper vehicle to strike a request for damages at the pleading stage, *see* 618 F.3d at 974, and, in 2007, the Supreme Court in *Twombly* rejected the "no set of facts" or "notice pleading" standards under Rule 12(b)(6) in favor of the now applicable "plausibility" pleading standard. *See* 550 U.S. at 564. When read together, these cases suggest that it is appropriate to dismiss implausible claims for damages at the pleading stage.

The Court agrees with UDC and finds that both of Goatpix's cases are inapplicable to the instant Motion. Accordingly, UDC's Section 412 arguments are ripe for review at this stage of the litigation.

### C. *Goatpix Does Not Meet Its Pleading Standard to Overcome Section 412*

UDC argues that Goatpix does not meet its pleading standard because Goatpix does not distinguish between any specific pre- and post-registration infringement that would be different or independent, thereby allowing Goatpix to assert a claim for attorneys' fees and

/ / /

/ / /

/ / /

statutory damages.[3] (*See* Reply at 4.)  Here, Goatpix alleges that a single photo of Michael Jordan is at issue, which has been reproduced in different media.  (*See* FAC ¶¶ 24, 31.) Defendant argues, however that, as alleged, the facts do not support that any post-registration infringement is distinct and separate from the alleged pre-registration infringement.  (*See* Reply at 1, 5.)

Defendant cites several cases where claims for attorneys' fees and statutory damages were dismissed because the distinction between the pre- and post-registration infringement was not alleged sufficiently.  In *Marshall v. Babbs*, for example, the plaintiff argued that the defendant's violation its copyright first via song, prior to registration, and again via video, post-registration, constituted separate acts of infringement not of the same kind such that Section 412 did not bar attorneys' fees or statutory damages for the post-registration video infringement.  *See* No. 2:18-CV-03822-DDP-AFMX, 2019 WL 1557429, at *2–4 (C.D. Cal. Apr. 10, 2019).  The court granted the motion to dismiss and concluded that, "[a]lthough the post-infringement Instagram video was published on a different medium, and is separately defined under the Copyright Act, it is a result of the original act of infringement" and, in accordance with Section 412, the plaintiff therefore was not entitled to statutory damages or attorneys' fees.  *See id*. at *4; *see also Por Los Rios, Inc. v. Lions Gate Entm't, Inc*., No. 2:13-cv-7640-CBM-PLA, 2014 WL 12605374, at *5 (C.D. Cal. May 21, 2014).

/ / /

---

[3]  UDC partially misinterprets Goatpix's argument.  UDC contends that Goatpix is ignoring the "plain text of Section 412[,] which states that any infringement commenced prior to copyright registration bars the disputed forms of relief." (*See* Reply at 2 (citing 17 U.S.C. § 412).)  Further, UDC represents that Goatpix is arguing that "*Derek Andrew* is bad law or should be overturned." (*See* Reply at 2.)  Goatpix writes in its Opposition, however, that "*Derek Andrew* . . . sets the precedent in the Ninth Circuit for the recoverability of fees and statutory damages when a plaintiff claims infringing conduct that occurs before and after copyright registration." (*See* Opp'n at 8.)  Consequently, both parties here agree that *Derek Andrew* is controlling.  Further, it is clear that UDC's alleged infringement occurred both before *and after* the Work was registered with the USCO.  The crucial issue, therefore, is whether the alleged infringement that occurred *after* the registration of the Work was "continuing infringement" or a "separate and distinct infringement." *See Derek Andrew*, 528 F.3d at 700.

Further, in *Smith v. Weeknd*, the court relied on *Derek Andrews* to dismiss statutory damages and attorneys' fees at the pleadings stage. *See* No. CV 19-2507 PA (MRWX), 2019 WL 6998666, at *7 (C.D. Cal. Aug. 23, 2019). "When . . . continuing infringement commences before registration, as [wa]s alleged in [the p]laintiffs' Complaint, § 412 eliminates the possibility for the recovery of statutory damages and attorneys' fees." *Smith*, 2019 WL 6998666 at *7. The same was true in *Por Los Rios*, in which the court held that the "[p]laintiffs [had] fail[ed] to allege any new infringements commencing after [the p]laintiffs registered the Statutory Works." *See* 2014 WL 12605374 at *5. The court noted that the key to determining whether an infringement is separate and distinct is "whether continuing infringements are of the same copyrighted material and by the same defendant[]." *See id*.

Here, Goatpix does not allege any facts to distinguish UDC's post-registration conduct from its pre-registration conduct. Indeed, it would appear that the pre- and post-registration conduct here involved both the same copyrighted material (the Work) and the same defendant (UDC). *See Por Los Rios*, 2014 WL 12605374 at *5. Without some allegation that there were "separate" and distinct" infringements after the Works' copyright registration, any statutory damages or attorneys' fees are impermissible under Section 412. *See, e.g.*, *Marshall*, 2019 WL 1557429 at *4 (denying discovery request to determine whether post-registration infringement was unique because complaint established same work was violated by same party both before and after registration, thereby triggering Section 412's bar of attorney's fees and statutory damages as a matter of law). Accordingly, the Court **GRANTS** Defendant's Motion.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## CONCLUSION

The Court **GRANTS** Defendant's Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff's request for statutory damages and attorneys' fees.  Plaintiff has thirty (30) days from the date of this Order to file an amended complaint.  *Should Plaintiff fail to timely file an amended complaint, the matter will proceed as to Plaintiffs' remaining requested remedies.*

**IT IS SO ORDERED**

Dated:  July 19, 2022

_____
Honorable Todd W. Robinson
United States District Judge