**NICHOLAS & TOMASEVIC, LLP**
Craig M. Nicholas (SBN 178444)
Shaun Markley (SBN 291785)
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: smarkley@nicholaslaw.org

Attorneys for Defendants,
THE UPPER DECK COMPANY;
SPORT CARD CO., LLC f/k/a The Upper Deck Company, LLC;
UD CARD CO. f/k/a The Upper Deck Company; and
UPPER DECK SALES AND DISTRIBUTION COMPANY, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOATPIX, LLC a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>THE UPPER DECK COMPANY, a Nevada corporation; SPORT CARD CO., LLC, a Delaware limited liability company f/k/a The Upper Deck Company, LLC; UD CARD CO., a California corporation f/k/a The Upper Deck Company; UPPER DECK SALES AND DISTRIBUTION COMPANY, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive.<br><br>Defendants. | Case No. 3:21-cv-01815-TWR-JLB<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF GOATPIX, LLC'S SECOND AMENDED COMPLAINT**<br><br>**Judge**: Hon. Todd W. Robinson<br>**Magistrate**: Hon. Jill L. Burkhardt<br><br>**Complaint Filed**: October 25, 2021<br>**Trial Date**: None Set |

DEFENDANT THE UPPER DECK COMPANY'S ANSWER TO
PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants The Upper Deck Company ("UDC"), Sport Card Co., LLC ("SPC"), UD Card Co. ("UDCC") and Upper Deck Sales and Distribution Company, LLC ("UDS") and DOES 1 through 10 (collectively, "Defendants"), answer and assert defenses to Plaintiff Goatpix, LLC's ("Plaintiff" or "Goatpix") operative Second Amended Complaint ("SAC") as follows:

## I. JURISDICTION AND VENUE

1. In answering paragraph 1 of the SAC, Defendants admit Goatpix's complaint is one for copyright infringement, but deny that any such infringement occurred or is otherwise actionable.

2. In answering paragraph 2 of the SAC, Defendants admit subject matter jurisdiction is proper.

3. In answering paragraph 3 of the SAC, Defendants admit personal jurisdiction is proper.

4. In answering paragraph 4 of the SAC, Defendants admit venue is proper.

## II. THE PARTIES

5. Answering paragraph 5 of the SAC, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation.

6. Answering paragraph 6 of the SAC, Defendants admit UDC is a Nevada corporation with its principal place of business in Carlsbad, California that does business in this state. Defendants deny remaining allegations in this paragraph.

7. Answering paragraph 7 of the SAC, Defendants deny SPC is a Nevada limited liability corporation. As listed in Plaintiff's caption, this is a Delaware LLC. Defendants admit its principal place of business in Carlsbad, California. Defendants deny remaining allegations in this paragraph.

8. Answering paragraph 8 of the SAC, Defendants admit UDCC is a California limited liability corporation with its principal place of business in

Carlsbad, California that does business in this state. Defendants deny remaining allegations in this paragraph.

9. Answering paragraph 9 of the SAC, Defendants admit that, up until May of 2009 when it dissolved, UDS was a Delaware limited liability company qualified to do business in California. Defendants also admit its status with the California secretary of state is "terminated." Defendants deny it remained a Delaware LLC after its dissolution and all remaining allegations in this paragraph.

### III.   BACKGROUND

**A.   Plaintiff Goatpix and Its Copyrights**

10. Answering paragraph 10 of the SAC, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation.

11. Answering paragraph 11 of the SAC, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation.

12. Answering paragraph 12 of the SAC, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation.

13. Answering paragraph 13 of the SAC, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation.

14. Answering paragraph 14 of the SAC, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation.

15. Answering paragraph 15 of the SAC, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation.

16. Answering paragraph 16 of the SAC, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation.

17. Answering paragraph 17 of the SAC, Defendants admit that Plaintiff attaches an image as Exhibit D, however, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, deny each and every remaining allegation.

18. Answering paragraph 18 of the SAC, Defendants admit that Plaintiff attaches a purported copyright registration as Exhibit E, however, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, deny each and every remaining allegation.

19. Answering paragraph 19 of the SAC, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation.

20. Answering paragraph 20 of the SAC, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation.

21. Answering paragraph 21 of the SAC, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation.

22. Answering paragraph 22 of the SAC, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation.

23. Answering paragraph 23 of the SAC, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation.

24. Answering paragraph 24 of the SAC, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation.

25. Answering paragraph 25 of the SAC, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation.

26. Answering paragraph 26 of the SAC, Defendants deny each and every allegation.

### B. Defendants' Wrongful Acts

27. Answering paragraph "24" [sic] of the SAC, Defendants admit that some of them created and sold products which feature the image Plaintiff calls "mj_1002." Defendants sold these products online and through other channels like distributors. deny that it violated any laws or that Goatpix can pursue remedies for any purported violations. Defendants deny all allegations in this paragraph not explicitly admitted.

28. Answering paragraph "25" [sic] of the SAC, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation.

29. Answering paragraph "26" [sic] of the SAC, Defendants admit that Plaintiff attaches some communications between the parties and their representatives as Exhibit "G." Defendants deny the characterizations of these communications and deny all allegations in this paragraph not explicitly admitted.

30. Answering paragraph "27" [sic] of the SAC, Defendants deny each and every allegation.

31. Answering paragraph "28" [sic] of the SAC, Defendants deny each and every allegation.

32. Answering paragraph "29" [sic] of the SAC, Defendants deny each and every allegation.

33. Answering paragraph "30" [sic] of the SAC, Defendants deny each and every allegation.

34. Answering paragraph "31" [sic] of the SAC, Defendants deny each and every allegation.

35. Answering paragraph "32" [sic] of the SAC, Defendants deny each and every allegation.

36. Answering paragraph "33" [sic] of the SAC, Defendants deny each and every allegation.

37. Answering paragraph "34" [sic] of the SAC, Defendants deny each and every allegation.

## IV.   FIRST CLAIM FOR RELIEF
### Copyright Infringement under 17 U.S.C. § 501
### Against All Defendants

38. In answering paragraph "35" [sic] of the SAC, Defendants reallege and incorporate by reference the preceding paragraphs of this Answer as though fully set forth in this paragraph.

39. In answering paragraph "36" [sic] Defendants admit Plaintiff is claiming copyright infringement. Defendants deny any wrongdoing or that Plaintiff can pursue the claims it asserts. Defendants deny all allegations in this paragraph not explicitly admitted.

40. Answering paragraph "37" [sic] of the SAC, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation.

41. Answering paragraph "38" [sic] of the SAC, Defendants deny each and every allegation.

42. Answering paragraph "39" [sic] of the SAC, Defendants deny each and every allegation.

43. Answering paragraph "40" [sic] of the SAC, Defendants deny each and every allegation.

44. Answering paragraph "41" [sic] of the SAC, Defendants deny each and every allegation.

45. Answering paragraph "42" [sic] of the SAC, Defendants deny each and every allegation.

46. Answering paragraph "43" [sic] of the SAC, Defendants deny each and every allegation.

47. Answering paragraph "44" [sic] of the SAC, Defendants deny each and every allegation.

## V.    DEMAND FOR JUDGMENT

Defendants deny that Goatpix is entitled to any of the relief that Goatpix requests in its Demand for Judgment, Paragraphs 1-8.

## DEFENDANTS' DEFENSES TO
## GOATPIX'S SECOND AMENDED COMPLAINT

Defendants, without altering the applicable burdens of proof, assert the following defenses to the Second Amended Complaint and the purported claims for relief, and reserves the right to modify, amend, and/or expand upon these defenses as discovery proceeds.

### FIRST DEFENSE
### (Failure to State a Claim)

1. Goatpix's claims are barred, in whole or in part, because the Second Amended Complaint fails to adequately state a claim upon which relief can be granted.

### SECOND DEFENSE
### (Lack of Standing)

2. Goatpix did not suffer any injury in fact and lacks standing to bring or maintain any of the causes of action alleged in the Second Amended Complaint.

## THIRD DEFENSE

### (Real Party in Interest and or Indispensable Party)

3. Goatpix lacks standing because it is not the real party in interest to bring or maintain any of the causes of action alleged in the Second Amended Complaint and or has failed to join one or more indispensable parties.

## FOURTH DEFENSE

### (Statute of Limitations)

4. Goatpix's claims are barred, in whole or in part, by the relevant statute of limitations relating to each claim, including, inter alia, 17 U.S.C. § 507(b).

## FIFTH DEFENSE

### (Laches)

5. Goatpix's claims are barred, in whole or in part, under the doctrine of laches.

## SIXTH DEFENSE

### (Unclean Hands)

6. Goatpix's claims are barred, in whole or in part, under the doctrine of unclean hands.

## SEVENTH DEFENSE

### (Estoppel)

7. Goatpix's claims are barred, in whole or in part, under the doctrine of estoppel.

## EIGHTH DEFENSE

### (Waiver)

8. Goatpix's claims are barred, in whole or in part, under the doctrine of waiver.

///

///

///

## NINTH DEFENSE

### (Acquiescence)

9. Goatpix's claims are barred, in whole or in part, under the doctrine of acquiescence.

## TENTH DEFENSE

### (Fair Use)

10. Goatpix's claims are barred in part under the doctrine of fair use.

## ELEVENTH DEFENSE

### (Incidental Use)

11. Goatpix's claims are barred in part because any alleged use of the image in question constitutes incidental use.

## TWELFTH DEFENSE

### (First Amendment)

12. Goatpix's claims are barred, in whole or in part, because the alleged conduct by Defendants was in furtherance of its right of petition or free speech under the United States Constitution or the California Constitution and/or the right of petition or free speech of one or more third parties including the NBA, Michael Jordan, and the Chicago Bulls.

## THIRTEENTH DEFENSE

### (Copyright Preemption)

13. Goatpix's claims are barred, in whole or in part, because they are preempted by the Copyright Act.

## FOURTEENTH DEFENSE

### (Abandonment)

14. Goatpix's claims are barred, in whole or in part, because Goatpix abandoned any rights it may have in the asserted image.

///

///

**FIFTEENTH DEFENSE**

**(No Infringement)**

15. Defendants did not infringe and have not infringed the asserted copyright.

**SIXTEENTH DEFENSE**

**(Limited Damages – Late Registration)**

16. Section 412(2) of 17 U.S.C. precludes plaintiff from seeking statutory damages or attorney fees in this dispute. *See* Order dismissing these remedies.

**SEVENTEENTH DEFENSE**

**(Fraudulent, Improper, Invalid, or Unenforceable Registration)**

17. Goatpix's claims are barred, in whole or in part, because the asserted copyright registrations are fraudulent, improper, invalid, or unenforceable in the context of the accused activities of Upper Deck.

**EIGHTEENTH DEFENSE**

**(Failure to Mitigate)**

18. Goatpix has failed to mitigate its damages, if any, and any recovery should be reduced or denied accordingly.

**NINETEENTH DEFENSE**

**(Absence of Damages)**

19. Goatpix's claims are barred, in whole or in part, because Goatpix has not suffered any loss or damages as a result of alleged acts or omissions of Upper Deck.

**TWENTIETH DEFENSE**

**(No Willful Infringement)**

20. Defendants have not infringed any alleged rights of Goatpix. If it is concluded there has been any infringement, such infringement was not willful and does not allow Goatpix to seek the damages it claims in the First Amended Complaint.

**TWENTY-FIRST DEFENSE**

**(No Punitive Damages)**

21. Goatpix cannot recover punitive or exemplary damages against Defendants because the Second Amended Complaint has not sufficiently alleged facts supporting such damages and Goatpix cannot establish facts sufficient to show that Defendants are guilty of oppression, fraud, or malice or that Goatpix is otherwise entitled to punitive damages.

**TWENTY-SECOND DEFENSE**

**(License)**

22. Without admitting the use of any copyrighted material allegedly owned by Goatpix, which is denied, the conduct of which Goatpix complains was impliedly and/or expressly licensed.

**TWENTY-THIRD DEFENSE**

**(Lack of Ownership of the Alleged Copied Material)**

23. Plaintiff does not own the copyright or any other rights in or to the portions of plaintiff's claimed work.

**TWENTY-FOURTH DEFENSE**

**(Failure to Comply with Copyright Act Formalities)**

24. Plaintiff's claims and/or remedies plaintiffs seek are barred by the failure to comply with the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., including but not limited to 17 U.S.C. §§ 401 and 408, and each of them.

**TWENTY-FIFTH DEFENSE**

**(Dissolution as a Bar to Suit or Recovery)**

25. Plaintiff's claims against some or all Defendants are barred by state corporation survival statutes preventing dissolved corporations from facing liability or suit.

/ / /

/ / /

## TWENTY-SIXTH DEFENSE

26. Defendants reserve the right to assert additional affirmative defenses if discovery or its investigation reveals grounds for the assertion of the additional defenses, including, without limitation, affirmative defenses that are referenced in Rule 8(c) of the Federal Rules of Civil Procedure or are otherwise available under applicable law.

## PRAYER FOR RELIEF

WHEREFORE, Defendants deny that Goatpix is entitled to any of the relief requested in its Second Amended Complaint, and pray for judgment as follows:

a. That Goatpix take nothing by way of its Second Amended Complaint and that its Second Amended Complaint be dismissed with prejudice;

b. That judgment be entered in favor of Defendants and against Goatpix on all causes of action in the Second Amended Complaint;

c. For costs incurred herein by Defendants;

d. For reasonable attorneys' fees incurred herein as permitted by law, including but not limited to 15 U.S.C. § 1117(a) because Goatpix's lawsuit constitutes an exceptional case; and

e. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury of all issues triable by a jury.

Respectfully submitted:

DATED: December 27, 2022                    **NICHOLAS & TOMASEVIC, LLP**

By: */s/   Shaun Markley*
Craig M. Nicholas (SBN 178444)
Shaun Markley (SBN 291785)
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: smarkley@nicholaslaw.org

Attorneys For Defendants, THE UPPER DECK COMPANY; SPORT CARD CO., LLC f/k/a The Upper Deck Company, LLC; UD CARD CO. f/k/a The Upper Deck Company; and UPPER DECK SALES AND DISTRIBUTION COMPANY, LLC